P/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ARAFAT ALI SALEH,

               Plaintiff,

     -against-

MICHAEL R. POMPEO, Secretary of State, UNITED
STATES DEPARTMENT OF STATE, NATIONAL
PASSPORT CENTER, and UNITED STATES CUSTOMS
AND BORDER PROTECTION,

               Defendants.
--------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-4574 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

     Plaintiff Arafat Ali Saleh brings this action against Secretary of State Rex Tillerson,[1] the

United States Department of State ("State Department"), the National Passport Center, and

United States Customs and Border Protection ("CBP") (collectively, "Defendants" or "the

Government"). Plaintiff alleges that Defendants violated the Administrative Procedure Act

("APA"), 5 U.S.C. § 555 and 5 U.S.C. § 701 et seq. by revoking his passport arbitrarily and

capriciously. (Am. Compl. (Dkt. 25) at 1-2, 6-7.)

     Before the court are Defendants' motion to dismiss Plaintiff's amended complaint,

Defendants' motion to strike the declaration of Plaintiff's attorney, Julie A. Goldberg, Esq., and

Plaintiff's request to compel production of the full administrative record. (Mot. to Dismiss

("Mot.") (Dkt. 37); Mot. to Strike (Dkt. 41); Pl. Req. for Admin. R. (Dkt. 26).) The court

referred Defendants' and Plaintiff's motions to Magistrate Judge Cheryl L. Pollak, who issued a

report and recommendation ("R&R") advising that Defendants' motion to dismiss and

Defendants' motion to strike be denied and that Defendants be ordered to produce the entire

---

[1] Secretary of State Michael R. Pompeo is substituted for former Secretary of State Rex Tillerson, pursuant to
Federal Rule. Civil Procedure 25(d). The court DIRECTS the clerk of court to amend the caption accordingly.

1

administrative record to Plaintiff within two weeks of any order adopting this R&R. (R&R (Dkt. 47) at 1-2, 10, 20-22.)

Defendants timely objected to Judge Pollak's recommendation that the motion to dismiss Plaintiff's amended complaint be denied. (Defs. Objs. (Dkt. 50).) For the following reasons, the R&R is ADOPTED IN FULL. Accordingly, Defendants' motion to dismiss Plaintiff's amended complaint and Defendants' motion to strike the declaration of Julie A. Goldberg, Esq. are DENIED, and the court DIRECTS Defendants to produce the entire administrative record to Plaintiff within two weeks.

I.    BACKGROUND

The R&R clearly sets forth the background of this case (R&R at 2-5), and the parties have not objected to Judge Pollak's statement of facts and procedural history. Therefore, the court adopts the R&R in this respect and offers the following summary for context. See Dong v. Miller, 16-CV-5836 (NGG), 2018 WL 1445573, at *2 (E.D.N.Y. March 23, 2018) (adopting an R&R's statement of facts because the parties had not objected to it).

A.    Facts

Saleh was born in Yemen on June 11, 1983. (R&R at 2.) His father, Ali Nagi Saleh, came to the United States in 1969 and was naturalized as a citizen in 1975. (Id.) Beginning in 1998, Saleh filed several applications for a U.S. passport where he claimed U.S. citizenship based on § 301(g) of the Immigration and Nationality Act ("INA"). (Id.) Section 301(g) of the INA, as applicable at the time of Saleh's birth, conferred U.S. citizenship to applicants born abroad to a U.S. citizen parent married to a non-U.S. citizen if the applicant demonstrated that their U.S. citizen parent was physically present in the United States for ten years, five after attaining the age of fourteen, prior to the applicant's birth. (Id.; Sept. 27, 2017 State Dep't Letter

2

(Dkt. 37-2).) Saleh's first three passport applications were denied on the ground that he had failed to demonstrate his father's physical presence in the United States for the required period of time prior to his birth. (R&R at 2.) Saleh re-applied for a passport for the fourth time on or about August 4, 2010. (Id.) The U.S. embassy in Yemen subsequently approved Saleh's August 2010 passport application and issued Saleh a U.S. passport. (Id.) That same day, the U.S. embassy also issued U.S. passports to Saleh's older and younger brothers. (Id. at 3)

From 2010 until 2015, Saleh used his U.S. passport without incident and travelled to the United States twice. (Id.) It was not until a third time, when Saleh attempted to enter the United States on October 19, 2015, that a CBP officer at Abu Dhabi International Airport in the United Arab Emirates confiscated Saleh's U.S. passport. (Id.) Saleh alleges that he was given no explanation as to why the officer confiscated his passport, but when he arrived in the United States the next day, Saleh contends that CBP apologized for "wrongly" taking his passport. (Id.) Saleh's confiscated passport was never returned to him, and a new passport was never issued. (Id.) As a result, Saleh filed an application for a replacement passport; in response, the State Department requested additional evidence in support of his claim to citizenship. (Id.) Saleh claimed that he could not provide all of the requested information because certain documents had been retained by the United States Embassy in Sana'a, Yemen. (Id.) Thereafter, Saleh filed the present lawsuit. (Id.)

Defendants claim that the State Department discovered that Saleh's passport had been erroneously issued during an evaluation of an application submitted to U.S. Citizenship and Immigration Services ("USCIS") by Saleh's brother in the spring of 2014. (Id.) Defendants claim that the State Department "attempted to notify Saleh of the revocation but may not have succeeded." (Id.)

3

Following the filing of this action, Saleh received a letter from the State Department, dated September 27, 2017 ("the State Department Letter"), indicating that his passport had been revoked pursuant to § 51.62(a)(2) of Title 22 of the Code of Federal Regulations ("C.F.R.") because it had been erroneously issued. (Id. at 3-4.) The letter further informed Saleh that:

> A review of your application shows that your father did not have sufficient physical presence in the United States prior to your birth to transmit citizenship to you through section 301(g) of the INA. As part of a 1988 application for a Consular Report of Birth Abroad, your father submitted a sworn "Affidavit of Residence and Paternity" to the Department. This affidavit showed your father was present in the United States for only nine years prior to your birth. Because your U.S. citizen father did not satisfy the physical presence requirement, and because there is no evidence that your mother naturalized as a U.S. citizen prior to your birth, you are not qualified to claim U.S. citizenship under the provisions of the INA set forth above. As there is no evidence that you lawfully acquired U.S. citizenship, you are not entitled to a U.S. passport and the passport you received previously should not have been issued.

(Sept. 27, 2017 State Dep't Letter.) Moreover, the letter stated that Saleh had "a right to a hearing under Sections 51.70 through 51.74 of Title 22 of the U.S. Code of Federal Regulations," and that he could "re-apply for a U.S. passport should [he] obtain evidence establishing [his] claim to U.S. citizenship." (Id.)

Plaintiff argues that he is entitled to judicial review of his passport revocation under the APA. (Am. Compl. at 1-2, 6-7.) Defendants contend that Plaintiff's only recourse to contest his passport revocation is to seek a judgement declaring him to be a national of the United States pursuant to 8 U.S.C. § 1503(a), as discussed below. (Mot. at 3.)

**B.    Procedural History**

Plaintiff filed his complaint with this court on August 3, 2017. (Compl. (Dkt. 1).) After receiving leave to amend, Plaintiff filed an amended complaint on April 30, 2018. (Am. Compl.)

On May 2, 2018, Plaintiff filed a letter to request an order compelling production of the administrative record. (Pl. Req. for Admin. R.) On May 2, 2018, this court referred Plaintiff's request to Magistrate Judge Cheryl L. Pollak pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (May 2, 2018 Order.) On May 4, 2018, Defendants filed a letter in response to Plaintiff's administrative record production request. (Defs. Resp. in Opp'n to Pl. Req. for Admin. R. (Dkt. 27).)

On June 18, 2018, Defendants filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction. (Mot.) Along with the motion to dismiss, Defendants submitted the declaration of F. Franklin Amanat[2] and certain selected documents from the administrative record, including the State Department Letter informing plaintiff of his passport revocation. (May 18, 2018 Amanat Decl.; Sept. 27, 2017 State Dep't Letter.)

On June 18, 2018, Plaintiff filed a response in opposition to Defendants' motion to dismiss and included the declaration of Julie A. Goldberg, Esq. (the "Goldberg Declaration") (Pl. Resp. in Opp'n to Defs. Mot. to Dismiss (Dkt. 38); June 9, 2018 Goldberg Decl. (Dkt. 38-1).) On June 18, 2018, Defendants filed their reply in support of their motion to dismiss and a motion to strike the Goldberg Declaration. (Defs. Reply in Supp. Of Mot. to Dismiss (Dkt. 40); Mot. to Strike.) On July 3, 2018, Plaintiff filed a response in opposition to Defendants' motion to strike. (Pl. Resp. in Opp'n to Defs. Mot. to Strike (Dkt. 43).)

On January 16, 2019, this court referred Defendants motion to dismiss to Magistrate Judge Cheryl L. Pollak for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) and Defendants motion to strike pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (January 16, 2019 Order.) Judge Pollak issued her

---

[2] Franklin Amanat is senior counsel to the United States Attorney for the Eastern District of New York and lead counsel for Defendants.

R&R on March 6, 2019, recommending that Defendants motion to strike and Defendants motion to dismiss be denied. (R&R at 1-2.) Judge Pollak further recommended that Defendants be ordered to produce the entire administrative record to Plaintiff within two weeks of any order adopting the R&R. (Id.) On March 27, 2019, after receiving an extension, Defendants filed timely objections to the R&R. (Defs. Objs.) On April 10, 2019, Plaintiff filed a reply in opposition to Defendants' objections. (Pl. Reply in Opp'n to Defs. Objs. (Dkt. 52).)

## II.  LEGAL STANDARD

### A.  Review of a Magistrate Judge's R&R

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Romero v. Bestcare Inc., No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017) (citation and quotation marks omitted); see Impala v. U.S. Dep't of Justice, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision ." (citation and quotation marks omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (citation and internal quotation marks omitted)). "A decision is 'clearly erroneous' when the [c]ourt is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (alteration adopted) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, an objecting party "must point out the specific portions of the [R&R]" to which objection is made. Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016), vacated on other grounds, 909 F.3d 519 (2d. Cir. 2018); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citation and quotation marks omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## B.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." Giammatteo v. Newton, 452 F. App'x 24, 27 (2d Cir. 2011) (summary order) (citing Makarova, 201 F.3d at 113). In resolving a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks omitted), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); see

also APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003); Amidax Trading Grp. v. S.W.I.F.T.

SCRL, 671 F.3d 140, 145 (2d Cir. 2011). On such a motion, a court may consider evidence

outside the pleadings, such as affidavits and exhibits. Makarova, 201 F.3d at 113.

## III. DISCUSSION

### A. Motion to Strike

Neither party has objected to Judge Pollak's recommendation that Defendants' motion to

strike the Declaration of Julia A. Goldberg, Esq. be denied.[3] Accordingly, the court reviews the

R&R's analysis of this issue for clear error. Finding none, the court adopts the R&R in this

respect.

### B. Production of the Administrative Record

Neither party has objected to Judge Pollak's recommendation that Defendants be ordered

to produce the entire administrative record to Plaintiff within two weeks of this Order adopting

the R&R.[4] Accordingly, the court reviews the R&R's analysis of this issue for clear error.

Finding none, the court adopts the R&R in this respect.

### C. Motion to Dismiss

Defendants object to Judge Pollak's recommendation that Defendants' motion to dismiss

be denied. (R&R at 1-2; Defs. Objs.) Accordingly, the court reviews the R&R's analysis of this

issue de novo.

---

[3] While the Defendants' motion to strike was referred to Magistrate Judge Pollak for a decision on the merits pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) rather than for an R&R pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(b)(1), it was included in Judge Pollak's R&R. Thus, this court reviews it as if it were a R&R and not a final decision on the merits.

[4] While the Plaintiffs motion to compel expedited production of the administrative record was referred to Magistrate Judge Pollak for a decision on the merits pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) rather than for a R&R pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(b)(1), it was included in Judge Pollak's R&R. Therefore, this court reviews it as if it was a R&R and not a final decision on the merits.

Judge Pollak's recommendation that Defendants' motion to dismiss be denied is premised on her finding that Saleh does not have an available judicial remedy to his claims pursuant to 8 U.S.C. § 1503(a), and that there is therefore subject matter jurisdiction to hear his claims under the APA. (R&R at 20.)

In determining whether judicial review of an administrative action is available under the APA, courts "begin with the strong presumption that Congress intends judicial review of administrative action." Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670 (1986). In her R&R, Judge Pollak noted that "[a] 'person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review' under the APA." (R&R at 12 (quoting Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008) (quoting 5 U.S.C. § 702) (internal citations omitted)).) Judicial review under the APA is limited to "final agency action for which there is no other adequate remedy in court." (R&R at 12 (citing, inter alia, Nat. Res. Def. Council, 461 F.3d at 171 (quoting 5 U.S.C. § 704)).) Although the APA is meant to grant jurisdiction to the district courts to review a "broad spectrum" of agency action, it is not meant to "duplicate existing procedures for review of agency action." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988). "While the APA itself does not confer subject matter jurisdiction for purposes of filing suit in a federal district court, 28 U.S.C. § 1331 effectively confers jurisdiction over a suit that arises under a right of action created by the APA." (R&R at 12 (citing Bowen v. Massachusetts, 487 U.S. at 891 n.16 (stating that "it is common ground that if review is proper under the APA, the [federal] District Court ha[s] jurisdiction under 28 U.S.C. § 1331")).)

Defendants base their motion on the assertion that Saleh has an adequate remedy available pursuant to 8 U.S.C. § 1503(a). (Defs.' Objs. at 24; Mot. at 15.) If, as Defendants

9

claim, Saleh does have an adequate remedy pursuant to 8 U.S.C. § 1503(a), this court would not have subject matter jurisdiction over Saleh's APA claims, as adjudicating claims under the APA that have an alternative judicial remedy improperly "duplicate[s] existing procedures for review of agency action." (R&R at 8.) See Bowen, 487 U.S. at 903.

In order to assert a claim under 8 U.S.C. § 1503(a), a plaintiff must: (1) bring his action within the statute of limitations, (2) be "within the United States," (3) "claim[] a right or privilege as a national of the United States," and (4) claim that he was "denied such right or privilege . . . upon the ground that he is not a national of the United States." 8 U.S.C. § 1503(a). Saleh argues that his passport was not revoked "upon the ground that he is not a national of the United States" and therefore his claims may not be brought under 8 U.S.C. § 1503(a). (Pl.'s Reply in Opp'n to Defs.' Objs. at 1.) See also 8 U.S.C. § 1503(a). Judge Pollak agreed and found that Saleh's passport was not revoked pursuant to a final determination that he was "not a national of the United States." (R&R at 15.) See also 8 U.S.C. § 1503(a).

In determining the grounds for Saleh's passport revocation, the State Department has two relevant justifications for passport revocation under 22 C.F.R. § 51.62: revocation pursuant to 22 C.F.R. § 51.62(a)(2) or § 51.62(b). If the State Department revokes a passport based on the finding "that the bearer of the passport is not a U.S. national" such an action would be pursuant to 22 C.F.R. § 51.62(b). Whereas if the State Department revokes a passport based on a finding that "[t]he passport has been obtained illegally, fraudulently, or erroneously" such an action would be pursuant to 22 C.F.R. § 51.62(a)(2). When an individual's passport is revoked pursuant to 22 C.F.R. § 51.62(b) he is not entitled to an administrative hearing, but, when an individual's passport is revoked pursuant to 22 § 51.62(a)(2) he is entitled to an administrative hearing. (R&R at 13-14 (citing, inter alia, 22 C.F.R. § 51.70(a) and (b)(1).) Saleh's passport

10

was revoked pursuant to 22 C.F.R. § 51.62(a)(2) and he was informed of his right to an administrative hearing. (Sept. 27, 2017 State Dep't Letter.) An individual whose passport is revoked pursuant to 22 C.F.R. 51.62(b) may seek relief under 8 U.S.C. 1503(a).[5] However, because a revocation pursuant to 22 C.F.R. § 51.62(a)(2) is not based on a finding of non-nationality, such a revocation may not automatically be challenged under 8 U.S.C. § 1503.[6]

In Hizam v. Kerry, 747 F.3d 102 (2d Cir. 2014), which the government relies on heavily (see Mot. at 13-14), the court held that adjudication of a plaintiff's claims pursuant to 8 U.S.C. § 1503(a) was proper after his passport was revoked under 22 C.F.R. § 51.62(b). Hizam, 747 F.3d at 108. In the State Department's letter explaining the reason for the revocation of Hizam's passport, they cited a finding of non-citizenship and explained that Hizam's father had not spent the required number of years in the United States prior to Hizam's birth in order to confer citizenship under the INA § 301(g), and that he was therefore not eligible for a U.S. passport. Pl.'s Mot. Summ. J., Ex. L, Hizam, 747 F.3d 102 (No. 12-3810).

The court finds that there are crucial differences in the underlying reasons for the revocations of Saleh's and Hizam's passports. First and foremost, as discussed above, Saleh's passport was explicitly revoked pursuant to 22 C.F.R. § 51.62(a)(2) (Sept. 27, 2017 State Dep't Letter), whereas Hizam's passport was revoked pursuant to 22 C.F.R. § 51.62(b). Hizam, 747 F.3d at 108. Second, Saleh was offered an administrative hearing, whereas Hizam was not.

---

[5] See e.g., Alsaidi v. U.S. Dep't of State, 292 F. Supp. 3d 320, 325-26 (D.D.C. 2018); Ali v. Tillerson, No. 16-CV-3691 (KAM) (SJB), 2017 WL 7048809, at *3 (E.D.N.Y. Nov. 21, 2017); Elliott v. U.S. Dep't of State, 122 F. Supp. 3d 39, 42 (S.D.N.Y. 2015); (all noting that a plaintiff who receives a final administrative denial or revocation of his passport based on a finding that he was not a national of the United States may seek a declaration that he is a United States national under 8 U.S.C. § 1503 and may therefore not seek review of agency action under the APA).
[6] See e.g., Ali, 2017 WL 7048809, at *3 (finding the plaintiff could not bring suit pursuant to 8 U.S.C. § 1503(a) as his passport was revoked under 22 C.F.R. § 51.62(a)(2)); Awad v. Kerry, 257 F. Supp. 3d 1016, 1019-20, 1023 (N.D. Ill. 2016) (engaging in judicial review under the APA relating to the revocation of plaintiff's passport under 22 C.F.R. § 51.62(a)(2)); Jarbie v. Holder, No. 15-CV-2565 (GBD) (JCF), 2016 WL 8711449, at *3-*6 (S.D.N.Y. Aug. 12, 2016), R&R adopted in full, 2017 WL 111738 (E.D.N.Y. Jan. 11, 2017) (engaging in judicial review under the APA relating to the denial of plaintiff's passport due to insufficient evidence establishing her identity).

(Sept. 27, 2017 State Dep't Letter). Third, Saleh's revocation was based on a lack of evidence proving his citizenship, not a determinative finding that he was not a citizen. (Id.)

The fact that the State Department letter cites a lack of evidence proving citizenship (Sept. 27, 2017 State Dep't Letter) further demonstrates that Saleh's passport was not revoked due to a finding of non-citizenship. A passport revocation or denial based on a finding that an individual did not submit sufficient evidence to establish citizenship is not a revocation or denial based on a finding of non-citizenship, as is required to bring an action under 8 U.S.C. § 1503(a). Elliott, 122 F. Supp. 3d at 42-43 (finding that the court did not have subject matter jurisdiction to hear plaintiff's claims under 8 U.S.C. § 1503(a) as his passport application was denied due to a failure to establish citizenship and not a finding of non-citizenship). Instead, a denial due to a failure to present sufficient evidence of citizenship is similar to a denial of "a natural-born citizen whose passport application is denied because he failed to include his birth certificate in his application . . . denial was premised on a lack of supporting documentation, not a finding that the applicant was 'not a national of the United States.'" Id.

As in Elliott, the revocation of Saleh's passport was based on the determination that the evidence Saleh had submitted was insufficient to establish citizenship. The State Department Letter informs Saleh that his father's sworn affidavit submitted in conjunction with Saleh's 1988 application for a Consular Report of Birth Abroad only demonstrated that his father was present in the United States for nine years, not the ten years required to transmit citizenship pursuant to § 301(g) of the INA. (Sept. 27, 2017 State Dep't Letter.) The letter further states:

> Because your U.S. citizen father did not satisfy the physical presence requirement . . . you are not qualified to claim U.S. citizenship under the provisions of the INA set forth above. As there is no evidence that you lawfully acquired U.S. citizenship, you are not entitled to a U.S. passport. . . . You have a right to a hearing

under Sections 51.70 through 51.74 of Title 22 of the U.S. Code of
Federal Regulations[.]

(Id. (emphasis added).) The letter, therefore, is clear that Saleh's passport was revoked because

it was erroneously issued, not because the State Department had conclusively found that Saleh

was a non-citizen.

In her R&R Judge Pollak found that, based on the State Department Letter, the "plaintiff

has set forth sufficient plausible facts, taken as true for purposes of this motion, to demonstrate

that there is a substantial possibility that his passport was issued in error, entitling Mr. Saleh to

APA review." (R&R at 20.) The court agrees. As Saleh may not bring a claim under 8 U.S.C.

1503(a), and there are no alternative avenues for judicial review, Saleh may bring his claims

under the APA. Therefore, the court adopts Judge Pollak's recommendation that Defendants'

motion to dismiss be denied.

## IV.    CONCLUSION

For the foregoing reasons, the court ADOPTS the R&R (Dkt. 47) in its entirety and

DENIES Defendants' motion to dismiss (Dkt. 37), DENIES Defendants' motion to strike (Dkt.

41) and DIRECTS that the full administrative record be produced to Plaintiff by the Defendants

within two weeks.


SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York          NICHOLAS G. GARAUFIS    /
       June 25, 2019               United States District Judge